## CHICAGO, R. I. & P. RY. CO. v. FORSYTHE & TEMPLAR *et al.*

No. 5506.    Opinion Filed February 29, 1916.

(155 Pac. 851.)

EVIDENCE—Admissibility—Offer to Compromise. Evidence of a proposed compromise and settlement of a claim, which was not accepted, cannot be legally admitted in evidence in a trial in which the claim offered to be compromised is the subject-matter of the suit.

(Syllabus by Collier, C.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by Forsythe & Templar and others against the Chicago, Rock Island & Pacific Railway Company and others. Judgment for plaintiffs, and defendant Railway Company brings error. Reversed and remanded.

*C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, K. W. Shartel,* and *Bond & Sandlin,* for plaintiff in error.

*Robert Burns* and *Womack & Brown,* for defendants in error.

Opinion by COLLIER, C. This is an action by Forsythe & Templar, a copartnership, hereinafter called plaintiffs, against the Chicago, Rock Island & Pacific Railway Company and various other parties, hereinafter called defendants, for the loss of 23 hogs under an interstate shipment from Comanche, Okla., to Ft. Worth, Tex. For reasons not disclosed by the record, an amended petition was filed by plaintiffs, and in said amended petition all of said defendants, other than the railway company, were eliminated from said cause.

The material evidence shows that said hogs were delivered by plaintiffs in the stock pens of defendant at Comanche in the early part of the day, and there held until evening, when they were loaded into a car, which was sealed and forwarded to Ft. Worth; that upon arrival at the stockyards in Ft. Worth the car containing said hogs was still sealed, and 23 of said hogs were missing; that plaintiffs identified 19 of said missing hogs in another shipment of hogs made from Comanche that day by another party; that after said hogs had been loaded into

the car plaintiffs signed a shipping contract for such shipment; that plaintiffs had not been told of any other contract of shipment, other than the one they signed. There was also evidence showing the market value of said hogs.

Plaintiffs, against the objection and exception of defendant, were permitted to introduce in evidence a letter from the attorney for plaintiffs notifying defendant of the claim herein sued upon and a reply thereto by one Henry Lucas, as auditor, offering a compromise and settlement of said claim, but did not offer evidence showing that said Lucas was an agent, authorized to act for defendant, or that he was an officer of defendant.

Defendant moved for an instructed verdict, which was overruled and excepted to. The jury returned a verdict for plaintiffs in the sum of $372.48, and interest. Defendant moved for a new trial, which motion was overruled, and judgment entered on the verdict, to which defendant duly excepted, and prosecutes this appeal to reverse same.

The letter of said Henry Lucas, in reply to the letter of attorneys for plaintiffs, which was admitted in evidence, being an offer of compromise, evidently prejudiced the defendant's cause; and, admitting, which we do not hold, that Lucas was shown to be the duly authorized agent of defendant, the admission of said letter in evidence was prejudicial error, and must work a reversal of this cause.

In Jones' Commentaries on Evidence, vol. 2, p. 599, it is said:

"The general rule excluding offers of compromise applies with the same force to letters as to verbal communications. Said Sir John Romilly: 'Such communications

made with a view to an amicable arrangement ought to be held very sacred, for, if parties were to be afterward prejudiced by their efforts to compromise, it would be impossible to attempt any amicable arrangement of differences'—citing *Kierstead v. Brown*, 23 Neb. 595, 37 N. W. 471; *Phillips v. United States Ben. Soc.*, 120 Mich. 142, 79 N. W. 1; *Home Ins. Co. v. Baltimore Warehouse Co.*, 93 U. S. 527, 23 L. Ed. 868; *Houghton v. Houghton*, 15 Beav. 278."

The other grounds urged for the granting of a new trial we deem unnecessary to review.

This case should be reversed and remanded.

By the Court: It is so ordered.