## KANSAS, O. & G. RY. CO. v. JOHNSTON, Gov., et al.

No 19450. Opinion Filed March 19, 1929.

Withdrawn, Corrected, and Refiled and Rehearing Denied May 28, 1929.

O. E. Swan, James D. Gibson, and Blakeney & Ambrister, for petitioners.

MacDonald & MacDonald, B. P. Hayes, Edwin Dabney, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original action wherein a writ of prohibition is sought to restrain the State Board of Equalization from assessing as a separate structure, a toll bridge, attached to a railway. bridge of petitioner and extending over Red river from Bryan county, Okla. The said board has notified petitioner that it proposes to assess said toll bridge as such.

Petitioner contends said board is without jurisdiction or authority to so act for the reasons:

(1) That said toll bridge has been returned for assessment for the years 1911-1927, inclusive, and tax value fixed thereon.

(2) That such action would constitute a review of the final action of the previous State Board of Equalization.

(3) That said toll bridge is attached to and is a part of the railway bridge of petitioner and cannot be assessed separately.

(4) That on July 8, 1919, petitioner purchased under decree of the United States District Court of the Eastern District of Oklahoma, in receivership proceedings, the said railway bridge, together with the toll bridge attachments, free, clear, and discharged of all claims for taxes, and no taxes can now be assessed for any period prior to July 8, 1919.

(5) That no claims for taxes due were filed in said receivership proceedings and all claims are now barred.

(6) That during the period from January 1, 1918, to and including February 28, 1920, the said property was in the hands and under the control of the United States Government, acting through the Director of Railroads, and any taxes due for that period should have been paid by the United States Government; that any taxes due for the years 1911-27, inclusive, should have been paid by the Missouri, Oklahoma & Gulf Railway Company, then owner.

(7) That on June 6, 1924, a receiver was appointed for all property of the Kansas, Oklahoma & Gulf Railway Company, in cause 3181 equity, in the United States District Court, Eastern District of Oklahoma, and no claim for taxes on said bridge was there filed, and therefore the same was barred.

(8) That said toll bridge is located partly within the state of Texas, and the state of Oklahoma is without authority to assess the same.

(9) That taxation of said toll bridge would constitute an unlawful burden upon interstate commerce.

The response denies generally, otherwise admitting that the petitioner is a public service corporation organized, existing, and doing business under and by virtue of the laws of the state of Oklahoma, and that respondents constitute the Board of Equalization of the state of Oklahoma. Notice of intention to assess said toll bridge as omitted property for years 1911-1928, inclusive, or as grossly undervalued property for the years 1925, 1926, 1927, is admitted.

Respondents further state:

"Defendants further admit that for the years 1911 to 1927, both inclusive, the plaintiff returned to the State Board of Equalization for the purpose of taxation its roadbed and track and that the same were assessed by the State Board of Equalization

during said years, but the said defendants specifically deny that for any of said years, 1911 to 1927, both inclusive, the plaintiff returned to the State Board of Equalization its toll bridge attached to its railroad bridge across Red river within Bryan county, Oklahoma, and specifically denies that for any of said years the said toll bridge was assessed by the State Board of Equalization or by any other tax-assessing agency of the state of Oklahoma.

"Defendants specifically deny that said toll bridge is an integral part of the roadbed and tract of the plaintiff, but say that the same is a separate structure subject to separate assessment by the State Board of Equalization, and that said separate structure has been omitted from taxation for the years 1911 to 1927, and that therefore, the State Board of Equalization has the power under section 9597, C. O. S. 1921, to assess said toll bridge as omitted property, and said board therefore denies that it is attempting to exercise jurisdiction not possessed by it and denies that it should be restrained by a writ of prohibition from so assessing said toll bridge as omitted property, for the years, 1911 to 1927, both inclusive.

"Defendants further allege and state that if said toll bridge is not a separate structure and subject to assessment, as omitted property, for the years 1911 to 1927, both inclusive, that then and in that event the property of the said plaintiff has been grossly undervalued on account of false representations and concealments made by the owner of said property in returning the same for assessment, and that said toll bridge has therefore escaped just and proper taxation, and that the said State Board of Equalization has power and it is its duty to revalue and reassess the property of this plaintiff for the three years last past, towit, the years 1925, 1926, and 1927 under the provisions of section 9597, C. O. S. 1921."

Thus the issue is joined, and joined to some extent upon disputed facts. We hold prohibition is not the proper remedy, for there is an adequate remedy by law provided. Herndon v. Hammond, 28 Okla. 616, 115 Pac. 775; State ex rel. Smith v. Brown, 24 Okla. 433, 103 Pac. 762; Morrison v. Brown, 27 Okla. 201, 109 Pac. 237.

In the event of an adverse decision the petitioner could have appealed. We hold the State Board of Equalization is not without jurisdiction to consider the matter before them.

The writ of prohibition is denied.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.