## KEDNEY v. HOOKER, Judge, et al.

No. 21478.   Opinion Filed July 8, 1930.

L. W. Wilcox, V. E. Stinchcomb, and Clarence Mills, for petitioner.

Billups & Billups and Everest, Dudley & Brewer, for respondents.

SWINDALL, J. On the 26th day of April, 1930, Hess & Jess Thompson et al., as plaintiffs, commenced in the district court of Oklahoma county, state of Oklahoma, by filing in the office of the court clerk their petition against A. L. Harris et al., an action praying for the appointment of a receiver. Plaintiffs' petition in said action is verified, and, omitting formal parts, is as follows:

"Come now the plaintiffs and for their cause of action against the defendants, allege and state:

"(1) That a great number of the plaintiffs are resident citizens of Oklahoma county, Okla., and a great number of the defendants are likewise residents of Oklahoma county, Okla.

"(2) That A. L. Harris, one of the defendants herein, heretofore procured a valid oil and gas lease on lot one (1), in block five (5), being all of block five (5), in the town of Earlsboro, Okla., according to the original plat thereof; which lease is recorded in book 123, page 53, Miss., in the office of the county clerk in and for Pottawatomie county, Okla.; that after obtaining said lease the said defendant, A. L. Harris, assigned the same to the defendant, V. A. Kedney, retaining and reserving unto himself an undivided 3/16ths of the 7/8ths working interest as an over-riding royalty.

"(3) That the said defendant, V. A. Kedney, afterward assigned various and sundry interests in and to said lease to the plaintiffs and defendants herein, all of which interests are of record in the office of the county clerk of Pottawatomie county, Okla.; that the plaintiffs herein own a majority, or more than fifty per cent. (50%) of the interest in said original lease as assigned.

"(4) That the said V. A. Kedney began the drilling of an oil and gas well on said lease and drilled the same to a given depth, under a contract with the Yanokla Petroleum Company, one of the plaintiffs herein, and being unable to proceed further in the drilling of said well, assigned his said contract with the Yanokla Petroleum Company to the plaintiff herein, Harvey P. Everest, who has completed said well to a depth of 4,000 feet, and cemented the same, and that under the formation of offsetting wells, oil should be found and produced in paying quantities at a depth of 4,400 feet; that about 400 feet remain to be drilled, with standard equipment, and if said well comes into the extent of offsetting wells, it should produce 1,000 barrels of oil per day.

"(5) That there is now outstanding indebtedness against the drilling of said wells, in the sum of about twenty thousand ($20,-000) dollars, and there are no funds with which to pay the same and that liens for material and labor have been filed against said well and these plaintiffs are in imminent danger of losing their interest in said well, or being materially injured in their interest; that the defendants have failed and refused to pay into a fund necessary to complete said well and that the plaintiffs and the defendants jointly own the lease thereon and said lease is in danger of being forfeited and canceled and the plaintiffs have expended large sums of money for their interest therein and drilling has been threatened to cease thereon.

"(6) That it is necessary for this court to appoint a receiver on account of the multiple interest of the plaintiffs and defendants and because the defendants refuse to contribute to the further development of said well and some of said defendants are seeking to obtain an unconscionable advantage of plaintiffs by coercing these plaintiffs into some kind of contract or deal by which certain of the defendants, to wit, Operators Royalty Company of Tulsa, Okla., will gain possession of the development of said lease, without due consideration of the interest of all parties concerned therein, and unless a receiver is appointed and operations continue on said lease, the owner of the leasehold may institute proceedings to cancel said lease and destroy the interests of these plaintiffs, as well as the interests of the defendants herein.

"(7) That on account of the numerous defendants herein, living in different sections of this state and out of the state, and on account of offsetting wells draining the oil under the land upon which the lease herein described operates and on account of the further fact that unless some immediate action is taken the owner of said land may, and probably will, commence an action to cancel the oil and gas lease herein, and further, on account of the peculiar situation and ownership of the plaintiffs and defendants herein, the court is warranted, and plaintiffs pray the appointment of a receiver, without notice.

"Wherefore, plaintiffs pray the court to appoint a receiver in this action, without notice, for all of the property, rights, and interests of both the plaintiffs and the defendants in and to the said oil and gas lease in and upon the said described premises and to take possession and charge of the same and to immediately continue operations and complete said well to a depth of at least four thousand four hundred (4,400) feet and to hold and to manage the same and to apportion and disburse the production upon said lease in keeping with the interests of the plaintiffs and the defendants under the order and direction of this court and for such other and further relief as the court may deem proper."

On May 9, 1930, V. A. Kedney and Luke W. Wilcox appeared specially in the district court of Oklahoma county and filed their motion, praying the district court of Oklahoma county to dismiss said action for want of jurisdiction, it being the contention of the movants that the venue of said action was in Pottawatomie county, and for that reason the district court of Oklahoma county had no jurisdiction to make an order appointing a receiver in said cause. On May 13, 1930, on a hearing, the district court of Oklahoma county denied the motion to dismiss for want of jurisdiction, and the defendant V. A. Kedney excepted to the ruling of the court.

On June 27, 1930, V. A. Kedney commenced this action in this court for writ of prohibition against Honorable Sam Hooker, judge of the district court of the Thirteenth judicial district of Oklahoma, sitting in and for Oklahoma county, upon the grounds and for the reason that the district court of Oklahoma county had no jurisdiction to make an order appointing a receiver in said action first above mentioned.

In determining the issue as to the jurisdiction of the district court of Oklahoma county to appoint a receiver, we are governed by the allegations of the petition as to relief sought. It is clear from the petition that the district court of Oklahoma county had jurisdiction to appoint a receiver to take possession of the oil well being drilled at the place stated in the petition and to complete the same, and to preserve the property and protect the interest of the persons interested in any oil and gas that might be found on said premises. This is not one of the causes of action mentioned in section 199, C. O. S. 1921, which must be brought in the county in which the subject of the action is situated, but, as shown by the pleading, it is purely an action for the appointment of a receiver to take possession of certain property and operate the same

and preserve the oil and gas that may be produced therefrom, and to distribute the profits, if any, derived from the property to the persons to whom in equity they belong. We do not feel it necessary to enter into a lengthy discussion of the cases cited in the brief of the relator, as we have no fault to find with the authorities mentioned, but hold that they do not apply to the case at bar.

Prohibition is not a writ of right, but one of sound discretion, to be granted or withheld according to the nature and circumstances of each particular case.

Where the inferior court, under the pleadings, has jurisdiction to do what the relator claims the court is about to do, then the writ of prohibition will be withheld. If it does not, prohibition ordinarily will lie, if there is no other adequate remedy. Jones v. Pugh, Judge, et al., 130 Okla. 291, 267 Pac. 272.

It appearing from the pleadings that this is not an action that must be brought in the county in which the subject of the action is situated, and that the venue is properly in Oklahoma county, Okla., and that the district court of Oklahoma county has jurisdiction of the parties and the subject-matter of the action, the writ of prohibition will be denied. It is so ordered.

MASON. C. J., LESTER, V. C. J., and CLARK, HEFNER, and CULLISON, JJ., concur.

HUNT, RILEY, and ANDREWS, JJ., absent.