HANCOCK et ux. v. MYERS et al.

No. 32227. Dec. 23, 1946.

Rehearing Denied Jan. 21, 1947.

*176 P. 2d 820.*

H. F. Fulling, of Tulsa, for plaintiffs in error.

F. E. Riddle, of Tulsa, for defendants in error.

GIBSON, C. J. The parties to this appeal will be referred to as they appeared in the trial court, wherein Elizabeth Myers, Viola Phillips Morris, and K. C. Morris were plaintiffs, and R. L. Hancock and Ruby May Hancock were defendants.

Plaintiffs Elizabeth Myers and Viola Phillips Morris, then Viola Phillips, were owners of the entire estate in one tract and a part of the estate in another adjoining five-acre tract of land which together formed the ten-acre tract involved in this controversy.

The lands had been sold for delinquent taxes and plaintiffs stood the risk of losing their title thereto unless redemption was made.

It is alleged in plaintiffs' petition that defendants, with intent to cheat and defraud plaintiffs out of their title to said land, represented to plaintiffs that if they would convey the title to the defendant R. L. Hancock, who would hold it in trust, they would adjust and settle the taxes thereon and upon being reimbursed for the outlay, including a small amount not to exceed $25 for the trouble involved, they would reconvey the title on demand. That relying on such representations and promises, they, in November and December, made the conveyances. Omitting here, for sake of brevity, the allegations of evil design made in connection therewith, it is further alleged that thereafter, on January 21, 1943, the defendants represented to one Fred Steiner that defendant R. L. Hancock was the owner of the title so conveyed and obtained from said Steiner a loan in the amount of $1,250, and to secure the

loan executed to Steiner their mortgage of that date upon the lands. The mortgage was filed for record and remains unpaid. That so far as plaintiffs knew Steiner was without knowledge of the equitable estate of plaintiffs in the land and made the loan in good faith. That on October 18, 1943, at which time plaintiffs were without knowledge of the mortgage, which had been recorded, the defendants represented to plaintiffs that all taxes and liens upon the lands had been discharged and that in accomplishing such result defendant R. L. Hancock had paid out and expended the sum of $722.50, and that upon being reimbursed therefor defendants as husband and wife would reconvey the land. That relying upon such representations, plaintiffs thereupon paid to the defendant in cash the sum of $722.50. It is further alleged that at the time plaintiffs executed their deeds the possession of the premises was turned over to defendants and that during the ten months period defendants held the possession they collected $20 per month rental aggregating $220 (sic), which plaintiffs are entitled to recover.

Plaintiffs ask damages in the sum of $2,192.50, being the aggregate of the mortgage indebtedness, the cash payment and the rentals with interest from November 6, 1942, the date of execution of the first of the two deeds from plaintiffs to defendants. The petition concluded with prayer for other relief in law or equity to which plaintiffs may be entitled.

For answer defendants filed a general denial, and the issue raised was tried to a jury, which returned a verdict for $2,250.

The court awarded plaintiffs judgment for amount of verdict with interest at 6% from date of trial, and further ordered and decreed that the deeds executed by plaintiffs to defendant R. L. Hancock be canceled of record.

Motion for new trial and motion to strike from judgment the decree canceling the deeds were filed. Both motions

were overruled, and such rulings are the grounds of this appeal.

Of the assignments of error, the only ones argued are the following, which we will consider in the order stated:

"4. The court erred in overruling the motion of plaintiff in error Ruby May Hancock for a directed verdict in her favor at the close of all the evidence.

"5. The court erred in overruling the motion of the plaintiffs in error to strike parts of the journal entry and modify the judgment of the court.

"6. The court erred in overruling the motion of the plaintiffs in error for a new trial of said cause."

In support of the motion of Ruby May Hancock for a directed verdict it is urged that the basis of plaintiffs' claim for damages is that she conspired with R. L. Hancock; that she was not a party to the negotiations between the latter and the plaintiffs; and that the evidence is insufficient to show assent on her part to the unlawful enterprise. The authority relied on is Nissen v. Andres, 178 Okla. 469, 63 P. 2d 47, wherein we said:

"In order to establish a conspiracy, evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise. Disconnected circumstances, any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking, are insufficient to establish a conspiracy. The evidence must do more than raise a suspicion. It must lead to belief."

We have examined the evidence and find that the facts and circumstances in evidence, if accepted as true, are sufficient to warrant a belief that the movant assented to the unlawful enterprise, and therefore the issue was properly submitted to the jury.

In support of the motion to strike from the judgment the decree canceling the deeds, there is said:

"The motion itself discloses the rea-

sons for it and it should have been sustained. Plaintiffs wanted to make this a jury case, hence an action for damages. If they had asked to set aside the deeds for fraud it would have been a court case, not triable by jury. The action of the court setting aside the deeds from the plaintiffs to the defendant R. L. Hancock was 'entirely beyond and not within the issues prescribed by the pleadings in this cause and upon which the cause was tried.' "

This contention loses sight of the fact that in this jurisdiction the distinctions between actions at law and suits in equity have been abolished and in lieu thereof there is but one form of action, which is called a civil action (Tit. 12, O.S. 1941 §10), and that district courts of this state possess both legal and equitable powers and may award the relief, whether at law or in equity, to which the plaintiff may be entitled on the allegations and proof (Owens et al. v. Purdy et al., 90 Okla. 256, 217 P. 425). Herein the right to damages and the right to cancellation, which are several, depended on the same issue of fact, and with the determination of that issue in favor of the plaintiffs each right arose. On the issue as determined the decree of cancellation was properly awarded.

In support of error assigned upon overruling motion for new trial three things are urged: (1) error in instruction of the court on the measure of recovery for loss of rental value of lands involved; (2) error of court in submitting the question of damages for the loss of rental value; and (3) the evidence does not support the verdict because it is greatly excessive.

The instruction complained of advises the jury the basis of the recovery of damage equivalent to the $722.50 cash payment, with interest and damages equivalent to $1,250, the mortgage indebtedness. with interest, and then adds the following:

"And if you further believe from the evidence that the defendants were given possession of said land and retained possession during the period of ten months or more, then plaintiffs would be entitled to recover the reasonable rental value of said land in the total sum not to exceed $2,250, the amount sued for."

This part of the instruction does not correctly state the issue and could be misleading, because it ignores the fact that the damage for rental could not exceed $220 and the fact that $2,250 is the maximum recovery for the several items of damage. However, the fact that the two other grounds of damage set out in the instruction were definite in amounts and recoverable on basis of same issue as rental value, and the further fact that the verdict of the jury was for $2,250, which negatives the fact the allowance for rental value thereon could have exceeded $220, clearly shows the jury was not misled, and hence the defendants were not prejudiced.

The second ground of error is well taken. No evidence was introduced touching the rental value of the premises or of damage suffered by plaintiffs by reason of defendant's possession thereof. Such being true, the submission of such issue to the jury was error.

In support of the assignment that the verdict is excessive it is urged that same is excessive to the extent that recovery was had for rental and to the further extent of the amounts expended for tax redemption of the premises, procurement of abstract, insurance, and commission paid to procure the loan. Apart from the tax redemption none of these things were authorized by the plaintiffs and there appears no basis for their consideration herein. The purpose to redeem the property from the tax sale was the moving cause of plaintiffs' conveying the property, and it was contemplated that they would ultimately bear the cost thereof. The tax redemption cost, which was paid by mortgagee out of the mortgage proceeds, amounted to $475.70. To award judgment against defendants for the amount paid by them in cash and also the full amount of the mortgage indebtedness is in effect to

hold plaintiffs were damaged to the extent of $475.70 which was paid to redeem the property. This, in effect, would be a penalty which the jury would be unauthorized to consider in absence of instruction submitting the question (Myers v. Hubbard, 80 Okla. 97, 194 P. 433; Felt et al. v. Westlake et al., 68 Okla. 294, 174 P. 1041). The verdict of the jury is therefore greatly excessive and constitutes ground for reversal (Alexander Drug Co. v. Whitaker, 146 Okla. 61, 293 P. 264).

The several errors mentioned affect solely the amount of recovery, and the amount affected is determinable as a matter of law. The assessable damages under the court's instructions on account of said cash payment and said mortgage with interest to date of trial was $2,142.53, and this deducted from the $2,250, the amount of the verdict, reflects the sum of $107.47 allowed as damage for rental which was unauthorized. The $475.70 tax payment with interest from the date of mortgage at 6% to date of trial would aggregate $524.45, which deducted from $2,142.53 would leave the amount of plaintiffs' recovery on proper verdict to be $1,618.08 with interest as fixed in the judgment. On this basis the excess in amount of recovery was $631.92.

Premises considered, judgment will be affirmed on condition plaintiffs file with the clerk of the district court within ten days from the date of the spreading of the mandate of record a remittitur of $631.92, and in default thereof the judgment of the trial court is hereby reversed and cause remanded for a new trial.

HURST, V.C.J., and OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur.

