313 P.2d 480

**WESTERN STATES REFINING COMPANY, a Utah Corporation, Plaintiff and Respondent,**

v.

**Blair BERRY, Defendant and Appellant.**

No. 8602.

Supreme Court of Utah.

July 12, 1957.

Earl D. Tanner, Salt Lak City, for appellant.

Nielsen & Conder, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal by defendant from a denial of a motion to quash service of summons in this action which was made on the ground that

service was obtained by inveigling or enticing the defendant into the state of Utah by deceit, artifice, or trick and on the further ground that under the facts of this case defendant was immune from service of summons at the time and place summons was served upon him.

Plaintiff is a Utah corporation distributing petroleum products in the intermountain area and has its main offices in Woods Cross, Utah. Defendant, a resident of Rexburg, Idaho, leased a service station from plaintiff in Rexburg. Difficulties arose between plaintiff and defendant concerning certain features of the lease, and plaintiff's attorney, upon request of one of plaintiff's officers went to Idaho to discuss these difficulties with defendant in order to resolve them. The attorney was instructed that if a settlement couldn't be reached he should invite defendant to come to Woods Cross for further negotiations. The Idaho negotiations proved unfruitful, the invitation was extended by plaintiff's attorney, and defendant came to Woods Cross as requested by plaintiff for the purpose of discussing settlement. When settlement negotiations again proved unsuccessful, plaintiff had process served upon defendant before defendant left Woods Cross to return to Idaho. It is undisputed that defendant came to Utah solely for these settlement negotiations and returned directly to Idaho as soon as they were concluded.

Upon these facts the trial court refused to quash service of summons. Although no ground was mentioned by the court for the denial of the motion to quash, it is implicit in the denial that the trial court found no actual fraud or misrepresentation on the part of plaintiff.

The sole question in this case is then whether under these facts, which are undisputed, defendant was immune from service of process by plaintiff at the time and place of service. We conclude that he was so immune from service by plaintiff.

Although immunity from process has been usually grounded in language of fraud and deceit in these cases,[1] it is apparent from a reading of those cases in which the facts fall closely to those of the instant case that the use of this language has resulted in confusion. Some courts and writers have termed this situation "legal fraud" in order to justify setting aside service of process when no actual fraud had been found by the trier of fact.[2]

We are of the opinion that the better rule is that a showing of actual fraudulent intent and misrepresentation is not necessary in order to void service of process in cases of this type. It is our

1. See 42 Am.Jur. 32, Sec. 35.

2. Mertens v. McMahon, 334 Mo. 175, 66 S.W.2d 127, 93 A.L.R. 1285; 72 C.J.S. Process § 39.

338

opinion that when plaintiff extends an invitation to defendant to enter the jurisdiction for settlement negotiations, equity and good conscience will not permit plaintiff to take sharp advantage of defendant's presence in the jurisdiction so long as defendant is in the jurisdiction for the purpose for which plaintiff invited him. One who is invited into a jurisdiction to discuss compromise and settlement of a disputed matter will not be subject to service of process in that matter, if he comes into the jurisdiction for the sole purpose of discussing compromise and settlement, by the one extending the invitation, for a reasonable period involved in coming to the negotiations and returning therefrom, as well as during the period of actual presence at the negotiations, unless the party extending the invitation advises him at the time the invitation is extended that he will be served with process immediately if settlement negotiations fail.[3] Honesty and fair play between litigants require no less.

The judgment of the lower court is reversed with directions to quash service of summons upon defendant in this action. Costs to defendant.

McDONOUGH, C. J., and CROCKETT, and WADE, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent. No authority cited by the main opinion supports it. The closest one is State ex. rel. Ellan v. District Court, which also stands alone, and which also is unsupported. That case not only is different factually, (the plaintiff actually having driven the defendant from one state to another) but it is bottomed on a thesis quite foreign to that of the main opinion, and how that case can be cited as an authority for the broad proposition enunciated by the majority is a mystery to this writer.

The Ellan case reasons that because the policy of the law is to settle disputes, the disputant who is invited to negotiate settlement should have thrown around him a cloak of immunity from service of process while he is disputing, and for a little while before he starts disputing, and for a little while after he gets through disputing. In the instant case there is absolutely no mention made of such policy as being the basis for the decision. The present case simply resorts to the frayed phrases of "equity and good conscience" and "fair play" in gagging any inclination to take "sharp advantage" which the majority apparently assumes to exist when one of the disputants is invited into the forum to discuss settlement, even though there be absolutely no evidence (as

3. State ex rel. Ellan v. District Court, 97 Mont. 160, 33 P.2d 526, 93 A.L.R. 865; Gampel v. Gampel, Sup., 114 N.Y.S.2d 474; Ultcht v. Ultcht, 96 N.J.Eq. 583, 126 A. 440.

is the case here) of any intention to take any "sharp advantage" of anyone. To suggest that there was any such evidence in this case is to take unwarranted liberties with the record, and is to ignore the statements made many times by all of the members of this court to the effect that the trial court's findings (that there was no such fraud or "sharp advantage" in this case) will not be disturbed if there is any substantial evidence to support it. To determine this case by the illuminating phraseology mentioned, by judicial fiat and ipse dixit, and clearly without judicial precedent, simply casts a shadow on the rule announced by the great weight of authority, obscuring that which seems to exist in the clear light of logic and reason.

Of course, the main opinion must have sensed the fallacy of the Ellan reasoning in not mentioning it when a moment's reflection would illustrate that the same kind of policy upon which that case is based,— that of settling disputes, would be as applicable and sound in the case of prospective plaintiffs and defendants living in the same town or the same apartment house, so that if a neighbor were requested to talk settlement, he could be made immune from suit under the Ellan rule so long as he kept up a protracted insistence that he simply was trying to settle the claim with an unreasonable disputant. This *would* result in the kind of "sharp advantage" about which the main opinion talks, but about which it can point to nothing in arriving at such gratuity.

This decision opens the door to the unscrupulous nonresident present in the state, who, on being served by a resident, need only conveniently to state that he is present in the state at the invitation of the plaintiff for the purpose of settling a claim, thus inoculating himself against the indignities of the process server. Before such immunity should be granted, there should be a finding of an allurement, enticement, trickery, fraud, legal or otherwise, or some other kind of bad faith on the part of him, who did the inviting to negotiate, as the great weight of authority requires. The trial court in this case found that there was *not* any such trickery, bad faith or fraud, and this court should not guess otherwise, particularly since "honesty of intent on the part of plaintiff will be presumed in the absence of facts and circumstances justifying an inference to the contrary."[1] In my opinion, the majority attacks the integrity of two members of the bar, neither of whom, in the opinion of this writer, has ever had the reputation of taking "sharp advantage" of others.

1. 72 C.J.S. Process § 39.