314 So.2d 203 (1975)
Joel MALLIN, Individually, Appellant,
v.
SUNSHINE KITCHENS, INC., a Florida Corporation, Appellee.
No. 75-5.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 1, 1975.
Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellant.
Pettigrew & Bailey, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Involved in this appeal is the validity of process served upon the appellant, *204 who entered this jurisdiction for purposes of discussing a settlement.
The record indicates that the parties were involved in a controversy in the summer of 1974; that the appellant, along with other non-residents, agreed to meet with the representatives of the appellee in New York City. The agents of the appellee refused to this, but indicated it would be a sign of "good faith" if the appellant would journey to this State for the purpose of discussing settlement. This request for good faith to be shown on the part of the appellant was delivered to him on October 15, 1974 and later that week a conference was scheduled for the offices of the appellee corporation on Monday, October 21, 1974. Notwithstanding the fact that the conference to discuss settlement was scheduled, the appellee, as plaintiff, caused a law suit to be instituted against the appellant on October 18, 1974,[1] and also caused a summons to be issued on that date, to be served on the appellant at the officers of the appellee. Thereafter, in accordance with their understanding, the appellant journeyed to Miami to attend the settlement conference; was met at the airport by representatives of the appellee, taken to their offices and, during the negotiation conference and before it had been concluded, the appellee caused process to be served upon the appellant. He thereupon moved to dismiss or quash the service, alleging among other things that it was occasioned by fraud and deceit or by trickery or artifice. We agree.[2]
The predicate for the appellant journeyed to Florida was to demonstrate good faith in the negotiations for settlement. If the appellee desired the appellant to show good faith in order to resolve their differences by journeying to Florida, then it should have shown good faith by not arranging to have process served on him before the settlement conference had even concluded. This is particularly true when, as is obvious from the record, after the representatives of the appellee had secured an undertaking by the appellant to come to this jurisdiction they then proceeded to file a complaint, caused process to issue, and arranged to have it served during the good faith settlement conference. Sconyer v. Scheper, Fla.App. 1960, 119 So.2d 408; Conklin v. Pruitt, Fla.App. 1966, 182 So.2d 644; Julian v. Julian, Fla.App. 1966, 188 So.2d 896; 72 C.J.S. Process § 39; 62 Am.Jur.2d Process, § 54; Anno. 98 ALR2d 551, § 5c, p. 576 and cases cited therein, particularly those cited on page 578.[3]
Therefore, the order under review be and the same is hereby reversed, with directions to grant the motion to quash the service obtained on the appellant on October 21, 1974.
Reversed and remanded, with directions.
NOTES
[1] Prior to the arrangements being completed for the settlement conference, attorneys for the plaintiff had notified the appellant on September 20, 1974 that suit would be commenced by October 15, 1974 unless a meeting could be had to discuss the matter.
[2] The matter was presented to the trial judge upon affidavits in support of the motion to quash and, therefore, this court is practically in the same posture as the trial judge in examining this matter in order to determine the validity of the service. See: Sconyer v. Scheper, Fla.App. 1960, 119 So.2d 408; Julian v. Julian, Fla.App. 1966, 188 So.2d 896.
[3] Also see: Sunshine Kitchens, Inc. v. Alanthus Corporation, D.C.S.D.Fla. 1974, 65 F.R.D. 4, wherein a Federal District Judge quashed service of process in a Federal proceeding upon another participant who had journeyed into this State for the same conference.