COMMERCIAL BANK & TRUST COM-
PANY, a corporation, Petitioner,

v.

The DISTRICT COURT OF the FOUR-
TEENTH JUDICIAL DISTRICT IN
AND FOR TULSA COUNTY, State of
Oklahoma and the Honorable Robert F.
Martin, Jr., Judge of the District Court,
Respondent.

No. 54409.

Supreme Court of Oklahoma.

Jan. 15, 1980.

Rehearing Denied Feb. 19, 1980.

Kennedy, Kennedy & Wright by Joe R. Kennedy, Muskogee, for petitioner.

Doyle, Holmes, Gasaway, Green & Harris by Steven M. Harris, Tulsa, for respondent.

HODGES, Justice.

This application to assume original jurisdiction and a petition for a writ of prohibition was filed after the trial court refused to sustain petitioner's special appearance and motion to quash summons and pleas to the jurisdiction and venue.

The Commercial Bank & Trust Company, petitioner [Bank], had loaned sums of money to Imperial Coal Company, in the amount of approximately $1,050,000.00. The loans were in default. The loans were secured by guarantees executed by Charles F. Irish, Mark S. Rose, Charles S. Holmes, Joel S. Janco, Stan P. Doyle, and the Nathan James Trust. On August 28, 1979, the Bank received a letter from the attorneys for Imperial Coal Company and for the guarantors, concerning the handling of the coal company's liquidation by the Bank. Upon receipt of the letter, the Bank president telephoned one of the guarantors. During the telephone conversation, a meeting was proposed to discuss the items in the letter. The guarantor requested that the meeting be held in Tulsa because of illness of his mother. The guarantor called the Bank and talked with the Bank president on August 29, 1979. At that time, it was agreed to meet August 30, 1979, in the offices of the guarantors' attorney. Unbeknownst to the Bank, suit was filed against the Bank by the guarantors in the District Court in Tulsa County on August 29, 1979. On August 30, 1979, the Bank president, another bank officer, and the attorney for the Bank went to Tulsa to discuss settlement of the differences between the par-

ties. After a brief discussion, it became apparent that settlement was not feasible. A special process server was called into the conference room who served the Bank president with summons.

The Bank alleges that the president was induced to enter Tulsa County for the sole purpose of being served the summons. It is contended by the Bank that the Bank president was requested to come to Tulsa for a meeting; that the meeting took place one day after suit had been filed against the Bank; and that the process server was called into a meeting strictly for the purpose of service of summons. The bank argues that the venue statute, 12 O.S.1971 § 139, is controlling. The statute provides in pertinent part, "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned. . . ." It is argued that because the Bank's principal place of business and office are all in Muskogee County, Oklahoma, and its officers reside in Muskogee County, Oklahoma, the proper venue is Muskogee County, Oklahoma.

Because a settlement offer of $198,000.00 was offered before process was served on the Bank president, the guarantors assert that a bona fide attempt was made to settle the case. The Bank alleges, however, that this was not a bona fide offer of settlement because the guarantors had already tendered that amount in the lawsuit which they had filed the day before.

The determinative question presented is whether the Bank was immune from service of process by the guarantors at the time and place of service.

The case of *Kelly v. Citizens Farmers Nat'l. Bank of Chickasha*, 174 Okl. 380, 50 P.2d 734 (1935) is cited for the statement of the general rule relating to fraudulent procurement of process.[1] Per-

---

1. In *Kelly v. Citizens Farmers Nat'l. Bank of Chickasha*, 174 Okl. 380, 50 P.2d 734, 737, 739 (1935) the Court said:

"Personal service obtained by inveigling or enticing the person to be served [in] the territorial jurisdiction of the court, by means of fraud

and deceit, actual or legal, or by trick or device, . . . is void and will be set aside.

\* \* \* \* \* \*

"In the case at bar, there was no attempt upon the part of the plaintiff to justify its conduct and no evidence was introduced by the

sonal service is void if it is obtained by inveigling or enticing the person to be served into the territorial jurisdiction of the court by means of fraud and deceit, actual or legal, or by trick or device. Service is also void if it is obtained by securing the defendant's presence within the jurisdiction by pretense of settlement[2] whether the matter of settlement was initiated by the plaintiff or the defendant.[3] Where a plaintiff, or someone acting in his behalf, has induced a defendant to enter the jurisdiction for the avowed purpose of effecting a settlement between the parties, and the defendant has been served with process while in the jurisdiction, the service has been set aside as having been fraudulently obtained.[4] However, it has been held if there is a bona fide attempt to reach a settlement in the matter in controversy, service is valid.

■ The inveterate policy of the law is to encourage, promote, and sustain compromise and settlement of disputed claims.[5] The public policy of this state favors the adjustment of disputed claims, and just as

the evidentiary rules provide that an offer of compromise not accepted is inadmissible in evidence against the party making the offer,[6] so should parties who attempt settlement be guaranteed that unsuccessful attempts at compromise will not be used to their detriment.

■ We believe that this situation is analogous to the statutory privilege of a witness to be exempt from the service of summons in civil actions commenced in a county other than which he resides.[7] A similar immunity is accorded litigants by judicial recognition.[8] When a non-resident party to an action, or a witness, comes into the state or the county for the sole purpose of attending a trial, he is immune from the service of process during his attendance and for a reasonable time thereafter to enable him to return to his residence.[9] Because the law favors compromise and settlement of disputed claims, the rule of immunity should be extended to protect a party who enters the jurisdiction of his adversary for

plaintiff tending in any wise to show that there had been a bona fide attempt to adjust the matter with Mr. Thomas and that such an attempt had failed. The evidence is all to the contrary. . . .

\* \* \* \* \* \*

"Here, there could have been no bona fide attempt since no time was allowed therefor, and plaintiff offered no evidence of same . ."

2. *Oklahoma Industrial Finance Corp. v. Wallace*, 180 Okl. 363, 69 P.2d 362, 363 (1937).

3. *Kelly v. Citizens Farmers Nat'l. Bank of Chickasha, supra.*

4. *Miller v. Acme Feed, Inc.*, 228 Iowa 861, 293 N.W. 637 (1940); *State ex rel. Ellan v. District Court of Eighth Judicial Dist.*, 97 Mont. 160, 33 P.2d 526, 93 A.L.R. 865 (1934); *Yedwab v. M. A. Richards Corp.*, 137 N.J.L. 448, 60 A.2d 310 (1948); *Mallin v. Sunshine Kitchens, Inc.*, 314 So.2d 203 (Fla.App.1975); cert. den'd. 330 So.2d 22 (Fla.1976). See also, Annot., "Attack On Personal Service As Having Been Obtained By Fraud Or Trickery," 98 A.L.R.2d 549 (1964), and Annot., "Immunity of Nonresident From Service Of Process While In State For Purpose Of Settling Or Compromising Controversy," 93 A.L.R. 872 (1934).

5. *Tulsa City Lines v. Mains,* 107 F.2d 377 (10th Cir. 1940).

6. *Grooms v. Johnson*, 192 Okl. 527, 138 P.2d 98, 99 (1943). In *Chicago, R. I. & P. Ry. Co. v. Forsythe and Templar*, 56 Okl. 26, 155 P. 851, 852 (1916) the Court cited Jones' Commentaries on Evidence, Vol. 2, p. 599 as authority for the rule as follows:

". . . [C]ommunications made with a view to an amicable arrangement ought to be held very sacred, for, if parties were to be afterward prejudiced by their efforts to compromise, it would be impossible to attempt any amicable arrangement or difference."

7. It is provided by 12 O.S.1971 § 399 that: "A witness shall not be liable to be sued in a county in which he does not reside, by being served with summons in such county, while going, returning or attending, in obedience to a subpoena."

8. See *Thomas v. Blackwell*, 172 Okl. 487, 46 P.2d 509 (1935).

The immunity afforded to litigants includes non-residents of the county. See *State v. Superior Court of Okmulgee Co.*, 175 Okl. 632, 54 P.2d 317, 318 (1936). The privilege does have certain limitations as set forth in *Thomas v. Blackwell, supra.*

9. *Stewart v. Ramsay*, 242 U.S. 128, 129, 37 S.Ct. 44, 61 L.Ed. 192, 197 (1916).

the purpose of disposing of a controversy to the same extent as when one comes into the jurisdiction as a party to, or a witness in, court proceedings.[10]

█ As a general rule, immunity from process is usually grounded on fraud and deceit. In our opinion, the better rule is that when a party comes to the jurisdiction under a white flag of truce a showing of actual fraudulent intent and misrepresentation is not necessary to void service of process. We adopt the holding of *Western States Refining Co. v. Berry*, 6 Utah 2d 336, 313 P.2d 480, 481–82 (1957). The Utah Court said:

"[W]hen plaintiff extends an invitation to defendant to enter the jurisdiction for settlement negotiations, equity and good conscience will not permit plaintiff to take sharp advantage of defendant's presence in the jurisdiction so long as defendant is in the jurisdiction for the purpose for which plaintiff invited him. One who is invited into a jurisdiction to discuss compromise and settlement of a disputed matter will not be subject to service of process in that matter, if he comes into the jurisdiction for the sole purpose of discussing compromise and settlement, by the one extending the invitation, for a reasonable period involved in coming to the negotiations and returning therefrom, as well as during the period of actual presence at the negotiations, unless the party extending the invitation advises him at the time the invitation is extended that he will be served with process immediately if settlement negotiations fail. Honesty and fair play between litigants require no less."

A bona fide attempt to compromise and settle a controversy without the institution of suit is well-favored in the law. The general rule of immunity should be extended to include the case where a party to a controversy has been induced, in the hope of effectuating a settlement, to come within rifle range under a flag of truce. If the settlement negotiations are unsuccessful, honor and fair dealing should dictate that the party be permitted a reasonable time within which to return to the safety of the position from which he was induced to leave before his adversary initiates proceedings.[11] If at the time one party invites the other into the jurisdiction for the purpose of discussing settlement, there lurks in his mind the idea of suit and service if settlement is not effected, this violates the rule of good faith,[12] and negates the purpose of the meeting. *Kelly v. Citizens Farmers Nat'l. Bank of Chickasha*, 174 Okl. 380, 50 P.2d 734 (1935) is overruled to the extent that it is inconsistent with this opinion.

The substantive law and remedies available for the enforcement of a right are the same in different counties of the state. The fact that it might be more convenient or more expedient for the guarantors to prosecute their action in Tulsa County does not justify ignoring the right of the Bank to be sued in the county of its principal place of business or where officers or directors may be found unprotected by immunity from the service of summons.

ORIGINAL JURISDICTION ASSUMED. WRIT OF PROHIBITION GRANTED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

DOOLIN, J., dissents.

DOOLIN, Justice, dissenting:

In only rare instances should this court assume jurisdiction and grant special relief upon overruling a demurrer or motion.

A writ of prohibition should be denied which is based upon disputed facts and ne-

---

**10.** *State ex rel. Ellan v. District Court*, 97 Mont. 160, 33 P.2d 526, 530 (1934).

**11.** *State ex rel. Ellan v. District Court*, 97 Mont. 160, 33 P.2d 526, 531 (1934).

**12.** *Allen v. Wharton*, 59 Hun. 622, 20 N.Y.Civ. Proc.Rep. 121, 13 N.Y.S. 38, 39 (1891).

cessitates a review of evidence.[1] Prohibition should not be resorted to nor relief granted as a substitute for appeal.[2] Prohibition should be withheld if the trial court has jurisdiction to act.[3]

I dissent.

1. *Klutts v. Blackbird*, 198 Okl. 126, 174 P.2d 361 (1946); *Kans. O. & G. Ry. Co. v. Johnson*, 136 Okl. 301, 278 P. 271 (1929).

2. *Short v. Dunn*, 180 Okl. 121, 67 P.2d 18 (1937).

3. *Kedney v. Hooker*, 144 Okl. 148, 289 P. 1108 (1930).