

Myron S. Rudd, Cincinnati, Ohio, for appellants.

C. Robert Beirne, Cincinnati, Ohio, and Don Anderson, Jellico, Tenn., for appellee.

Before McALLISTER and MILLER, Circuit Judges, and CECIL, District Judge.

PER CURIAM.

Appellants had a claim for damages against appellee arising out of an automobile accident at Jellico, Tennessee. Appellee, a garage owner, arranged to repair appellants' automobile and since appellants were residents of Cincinnati, Ohio, he agreed to bring the repaired automobile to Cincinnati during the week following the accident. Appellants consulted their attorney about suing appellee, and it was agreed that an effort would be made to serve him with summons when he brought the car to Cincinnati. A petition was accordingly filed against appellee, and arrangements made with a deputy sheriff whereby he would be available on telephone call to serve summons on appellee. When appellee ar-

**Joseph BUCHANAN and Eva Buchanan, Appellants,**

v.

**Jack WILSON, Appellee.**

**No. 13379.**

United States Court of Appeals Sixth Circuit.

April 21, 1958.

rived in Cincinnati he called one of the appellants, Mrs. Buchanan, by telephone, and told her that the car was available for delivery. Mrs. Buchanan replied by asking him to bring the car to their home; and appellee decided to do so the next day. When he delivered the car at appellants' home, Mr. Buchanan asked him to wait while he tried the car out. Appellee accordingly waited about half an hour while Mr. Buchanan was driving the car about. In the meantime, appellants had called their attorney and the deputy sheriff, who arrived in a short time, and the deputy sheriff thereupon served the summons upon appellee.

Appellee came into the State of Ohio, voluntarily with appellants' automobile, with the intention of delivering it to appellants in the downtown area of Cincinnati, and not with any intention of making delivery at appellants' home or waiting while it was tried out by Mr. Buchanan. The sole reason why appellee drove the car to appellants' home was because of the request of Mrs. Buchanan. The purpose in having the appellee come to appellants' home was to make him available for service of summons there; and the request to the appellee to wait at appellants' premises while Mr. Buchanan drove the car around to try it out, was to induce appellee to remain at their home so that he could be served with summons there.

The District Court, on the foregoing stipulated facts, granted appellee's motion to quash the service of summons and to set aside and vacate the summons and return, on the ground of abuse of process; and, upon the election of appellants not to have appellee served by alias summons, the Court entered an order dismissing appellants' petition.

Appellee, a non-resident, was not induced by artifice to come within the jurisdiction of the Court; but having come within the jurisdiction he was induced by artifice, and for the sole purpose of subjecting him to service of summons, to come to a certain place within the jurisdiction, and was there induced, by artifice, to remain until a deputy sheriff could arrive and make service of summons upon him. It is here not a question whether the service made under such circumstances, amounts to the acquisition of jurisdiction over the appellee; it is rather a question whether the Court will enforce its jurisdiction, obtained by the abuse of its own process.

We concur in the view of the District Court that the service of summons made upon appellee under the foregoing circumstances constituted an abuse of process. The judgment of the District Court is accordingly affirmed.