**SUNSHINE KITCHENS, INC., a Florida corporation, Plaintiff,**

v.

**ALANTHUS CORPORATION, a Delaware corporation, Defendant.**

**No. 74–1361–Civ–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

Dec. 6, 1974.

Pettigrew & Bailey, Miami, Fla., for plaintiff.

Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, Fla., for defendant.

## ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of the defendant to quash service of process. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

The record shows that on October 18, 1974, the plaintiff instructed the United States Marshal to serve process on Lloyd Rosenfeld, Vice President and Secretary of Alanthus Corporation, or any other agent of the defendant, at the office of the plaintiff's attorneys on October 21, 1974, at two o'clock in the afternoon. Moreover, under the heading of "Special Instructions" on the Instructions and Process Record, the plaintiff's attorney wrote: "The above-named agents will be present in Florida only during the middle of the afternoon, Monday, October 21st. It is therefore extremely important that they be served Monday at 2 P.M."

The affidavits submitted by both the proponents and opponents of the motion agree that Rosenfeld arrived, as expected, about noon on the 21st of October. Plaintiff notes, however, that he failed to bring certain indemnification agreements with him. Production of those agreements, plaintiff contends, "was effectively made a condition precedent to settlement negotiations." (Plaintiff's Opposition Memorandum at 2). In spite of this omission, the plaintiff's representatives decided to go forward as planned, and apparently the parties made some progress toward settlement. At approximately 2:00 p. m., the United States Marshal was shown into the room, and served process on the defendant's representative.

Three of the plaintiff's representatives who were present at the meeting submitted affidavits, and all asserted that the Marshal was shown in only after the settlement negotiations "fell apart" or had "broken down." The plaintiff's explanation for the timing of the service of process is as follows:

> Sunshine had feared the possible breakdown of such discussions, however, and had the Marshal standing by to serve process should they fail. It was only after the settlement discussions broke down that Alanthus Corporation was served by the Marshal at approximately 2 o'clock p. m.

(Plaintiff's Opposition Memorandum at 2) However, Mr. Rosenfeld avers in his affidavit that "[a]fter process was served upon me . . . [a representative of the plaintiff] stated that now we could proceed to settle the case." From these circumstances, the court finds that the inference can be drawn that the plaintiff's purpose in continuing the meeting until the Marshal could serve process was not to conduct good

faith negotiations, but rather was an artifice to obtain service on the defendant. *Cf.* Buchanan v. Wilson, 254 F.2d 849 (6th Cir. 1958).

Finally, it should be noted that the plaintiff asserts that it could have obtained service pursuant to the Florida Long Arm Statute. Since the transaction underlying this suit began in April of 1974, there appears to be no problem with the Statute of Limitations in pursuing that method of service. It is therefore

Ordered and adjudged that the defendant's motion to quash service of process be and the same is hereby granted.