## ODEN OPTICAL COMPANY, INC.
### *v.* OPTIQUE DU MOND, LTD.

CA 79-304                                    598 S.W. 2d 456

Court of Appeals of Arkansas
Opinon delivered April 23, 1980
Released for publication May 14, 1980

1106

*Patten, Brown, Leslie & Davidson,* by: *Charles A. Brown,* for appellant.

*House, Holmes & Jewell,* for appellee.

DAVID NEWBERN, Judge. The circuit judge quashed service of process and dismissed this case without prejudice after the appellee argued the service was by "trick, artifice or fraud." The appellant contends the service should not have been quashed and that the case should not have been dismissed. We are unable to find in this case any "trick, artifice or fraud" of the kind sufficient to invalidate the service and thus we reverse the decision to quash and remand the case.

Mr. Mourot, president of the appellant, and Mr. Blount and Mr. Fox, officers of the appellee, had engaged in telephone conversions and correspondence with respect to a dispute which had arisen in their business relationship through which the appellee supplied merchandise to the appellant. The discussions culminated in a meeting held in Little Rock for the purpose of reaching a final settlement. The record leaves no doubt that the meeting was held in Little Rock rather than New York, the principal location of the appellee, because of the suggestion of Mr. Blount who was to be the appellee's representative at the meeting. Mr. Blount's testimony was that his company "initiated that invitation to come negotiate," and that at one point, at least, Mr. Mourot had discouraged the meeting, saying he "didn't think it would serve any purpose."

When the meeting occurred, Mr. Blount was asked to wait approximately fifteen minutes outside Mr. Mourot's office. He then went into the office and they discussed their business relationship twenty or thirty minutes whereupon a deputy sheriff appeared and served Mr. Blount with a complaint and summons. Mr. Blount then announced there was nothing left to discuss and, after some social amenities, left the office.

Although the trial court's order did not state the reason for quashing service, we assume it was because, as the appellee had argued, of "trickery, artifice or fraud." The

principle that a court should not exercise its jurisdiction when the defendant's presence in the geographical jurisdiction was procured by trickery is established in Arkansas. *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S.W. 2d 637 (1938). However, as stated in *Freyburgh* v. *Geliebter,* 184 N.Y.S. 2d 902 (1959), "[i]n no decided case has a defendant who suggested of his own volition that he come into the jurisdiction been successful on this type of motion. [184 N.Y.S. 2d at 904]" All of the cases cited by the appellee are ones in which the party seeking to serve the process invited or inveigled the presence of the prospective defendant, and like the New York Supreme Court, we have found no case which strikes down the process when the initiation of the recipient's presence was clearly his own idea.

The closest case we have been able to find to the one before us is *Buchanan* v. *Wilson,* 254 F. 2d 849 (CA6 1958). There, the plaintiffs and the defendant had been involved in an automobile accident. They agreed the defendant would repair the plaintiffs' car at his shop in Tennessee and then return it to Cincinnati where they resided. When the defendant arrived in Cincinnati with the repaired vehicle, he was asked to bring it to the plaintiffs' home. They asked the defendant to wait there while they took the car out for a test drive. They were gone for half an hour, during which time the defendant was served while waiting at the plaintiff's home. The opinion in the *Buchanan* case leaves some doubt whose idea it was for the defendant to deliver the car to Cincinnati, but that apparently did not matter to the court of appeals which said:

> [H]e was induced by artifice, and for the sole purpose of subjecting him to service of summons, to come to a certain place within the jurisdiction, and was there induced, by artifice, to remain until a deputy sheriff could arrive and make service of summons on him. It is not a question whether the service made under such circumstances, amounts to the acquisition of jurisdiction over the appellee; it is rather a question whether the Court will enforce its jurisdiction, obtained by the abuse of its own process. [254 F. 2d at 850]

In this case, the appellant contends the negotiation meeting was arranged in good faith on Mr. Mourot's part, and it was only when, the day before the meeting was to take place, Mourot learned from a third party that Blount was coming to Little Rock without sufficient authority to settle or intent to negotiate in good faith that he decided to file suit and have process served. While we agree with the appellee's argument that settlement efforts, and thus avoidance of unnecessary litigation, are important, we cannot say that where a prospective defendant seeks to negotiate in the home territory of a prospective plaintiff he becomes immune from process with respect to the matter to be negotiated. We find no case which has gone that far. Indeed, the U.S. Supreme Court once upheld a refusal to invalidate service where the defendant had been invited to the plaintiff's jurisdiction to settle because the lower court could have inferred the settlement attempt was in good faith and not a mere fraudulent scheme. *Commercial Mutual Accident Co. v. Davis,* 213 U.S. 245, 29 S. Ct. 445 (1909).

In *Buchanan v. Wilson, supra,* the court referred to the artifice used as an "abuse of process." We explored whether this might indicate some ground for quashing service which goes beyond the traditional trickery, artifice or fraud, perhaps on the basis that the prospective defendant who enters the jurisdiction by his own volition and suggestion, but who goes to a certain place within the jurisdiction at the prospective plaintiff's invitation, is being dealt with in a too unfair manner. We found no such special basis in any other cases.

The term "abuse of process" was used by Judge Trieber in a case where he examined the problem of trickery, artifice or fraud. Judge Trieber's language is instructive:

> Is the institution of this action, which is conceded to be transitory, such as abuse of the process of the court as requires it to be set aside?
>
> . . .
>
> The action being transitory, a party has, ordinarily, the

right to institute and maintain an action against a defendant in any court of competent jurisdiction where personal service can be had on him, whereby the court obtains jurisdiction of his person. The fact that it may be inconvenient for the defendant to make his defense in that tribunal, and that is practically all the allegations in the motion amount to, is no cause for abatement of the action, or quashing the service of the summons. Fitzhugh v. Reid, 252 F. 2d 234, pp. 238, 239 (8th Cir.).

In that case, a federal labor mediator had been served with process issued by an Arkansas court while he was sojourning in Hot Springs. Judge Trieber's theme was taken from *Faster v. Currie*, 198 U.S. 144, 25 S. Ct. 614 (1905), in which Mr. Justice Holmes, speaking for a unanimous U.S. Supreme Court, found that even if a notice of taking the plaintiff's deposition had been calculated to draw the defendant into the plaintiff's home jurisdiction, that did not amount to "fraud."

To the extent the *Buchanan* case held an "artifice" designed to obtain service upon a person who has come into the jurisdiction by his own volition and at his own suggestion invalidates the service, we disagree. We find no definition of "abuse of process" which would include such an act. See, Prosser, *Torts*, § 121, p. 856 (4th ed. 1971).

In this case it is apparent the defendant, a corporation doing business in Arkansas, could have been served pursuant to Ark. Stat. Ann. § 27-2503 (Repl. 1979), in this action for breach of a contract to supply merchandise here. See, Ark. Stat. Ann. § 27-2502(C.)(1.)(b) (Repl. 1979). That fact plays no role in our decision, however, it is reason enough to point out that jurisdiction based upon transient presence, which the appellant was attempting to assert here, is a concept which may need reevaluation. Comment, Minimum Contracts Analysis of In Personam Jurisdiction Over Individuals Based on Presence, 33 Ark. L. Rev. 159 (1979); Ehrenzweig, The Transient Rule of Personal Jurisdiction: The "Power" Myth and Forum Conveniens, 65 Yale L.J., 289 (1956). While we find objectionable deviousness used to entice a prospective defendant into the jurisdiction for service, neither

we nor other courts seem to find fault with deviousness used to serve a citizen of the jurisdiction or one whose presence there has not been enticed (the *Buchanan* case excepted), and we even dispense with the requirement of handing the process to the prospective defendant under many circumstances. The progressive emphasis on minimal connections with the jurisdiction and adequate actual or attempted notice as bases of a court's right to assert its authority may someday obviate the notion of mere presence as a basis, and we will no longer be concerned with the problem presented when one is enticed or tricked into being present in the court's jurisdiction.

Until that happens, however, we will distinguish between cases in which one is enticed to come within the geographical jurisdiction of the court and cases where one is enticed to be at a certain place or to remain there, having first entered the jurisdiction at his own instance. In the latter situation we hold the service is valid.

Reversed and remanded.