**Marshall B. COYNE, Plaintiff,**

**v.**

**GRUPO INDUSTRIAL TRIEME, S.A. de C.V., et al., Defendants.**

**Civ. A. No. 83–1495.**

United States District Court, District of Columbia.

April 25, 1985.

Stephen W. Porter, Carl S. Rauh, Washington, D.C., for plaintiff.

Jean S. Moore, James P. Shaughnessy, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This case was filed on May 25, 1983 and dismissed without prejudice on June 16, 1983 pursuant to a settlement agreement filed with the stipulation of dismissal. On plaintiff's motion, opposed by the defendants, the Court on March 12, 1985 vacated the dismissal, reinstated the suit, and ordered the defendants to show cause why judgment should not be entered against them for the amount they agreed to pay in the settlement agreement. The case is now before the Court on the parties' pleadings filed in response to that Order.

Defendants are a Mexican corporation and its board chairman and chief executive officer, Miguel Guajardo, a citizen of Mexico. Plaintiff, a Washington, D.C. financier, sued defendants for allegedly breaching various aspects of an agreement whereby plaintiff loaned money to and invested in defendants' soft drink bottling plants in Mexico. Plaintiff moved to reinstate this action after an alleged breach of the settlement agreement.[1]

In opposing judgment on the settlement agreement, defendants primarily urge that service of process on defendants must be quashed because defendant Guajardo was enticed to the District of Columbia for the purpose of serving him. Plaintiff contends there was no fraudulent enticement and that defendants waived any objection to service by entering the settlement agreement.

Defendants properly asserted the defense of insufficiency of service in their first responsive pleading in this case, their response to the Court's show-cause order of March 12, 1985. See Fed.R.Civ.Pro. 12(b), 12(h)(1). Defendants were not required to assert the defense in the stipulation of dismissal or at any time thereafter until the action was reinstated. Therefore no waiver occurred, and the defense was timely raised.

In their opposing sworn affidavits recounting the service of process in this case, plaintiff and defendant Guajardo continue to dispute each other's version of the facts.[2] However, the Court need not resolve this credibility war by evidentiary hearing because the key facts decisive to the outcome are not in dispute.

Plaintiff does not deny that in the weeks preceding the filing of his suit, he repeatedly urged Guajardo by telephone to come to Washington to settle their dispute. On May 10, 1983, plaintiff instructed his lawyers to begin drafting the papers for the suit. On May 17, 1983, Guajardo called plaintiff to set up a meeting on another matter at plaintiff's office on May 25. Plaintiff now contends he told Guajardo that he would meet with him at 2 p.m. that date to discuss the other matter. "I also advised him that I had decided to file a lawsuit with respect to the Grupo matter and intended to proceed with that action.... Mr. Guajardo nonetheless indi-

---

1. Plaintiff filed a separate lawsuit, Civil Action No. 83–3683, to enforce one aspect of the settlement agreement. Judgment was entered for plaintiff on a confess-judgment provision in the settlement agreement waiving service of process and any defense. Defendants subsequently moved to vacate that judgment, arguing primarily that the confess-judgment provision was unlawful. Plaintiff moved to reinstate this action after finding difficulty in enforcing his judgment in No. 83–3683 in Mexico because there was no service of process. The Court denied defendants' motion to vacate the judgment in No. 83–3683 at the same time that it granted plaintiff's motion to reinstate this case. The Court denied plaintiff's motion to consolidate the two cases.

2. It should also be noted that the Court previously found other affidavits submitted by defendant Guajardo in No. 83–3683 incredible on their face.

cated that he wanted to meet and discuss both matters." P. Aff. at ¶ 8. Service of process was not mentioned.

Guajardo denies any discussion of a lawsuit and swears that he traveled to Washington solely to settle the dispute and to try to negotiate a resale to him of stock Guajardo had agreed to transfer to the plaintiff as part of their earlier agreement. D. Aff. at ¶¶ 5, 6.

Plaintiff's lawyers filed the lawsuit on May 25. They also arranged to have a process server wait outside plaintiff's offices starting at 1:30 p.m. to serve the papers on plaintiff's instruction. Guajardo arrived at plaintiff's offices for the meeting at around 2 p.m. After some discussion about the other matter, Coyne handed Guajardo a copy of the complaint in this case "as a courtesy." The two spent several hours discussing settlement of the newly filed lawsuit, and Coyne directed his lawyers to draft a settlement agreement.

The lawyers arrived with the agreement in the evening. Guajardo indicated he wanted a notice of dismissal of the lawsuit also prepared. Coyne then sent the process server home at about 8:30 p.m. without serving Guajardo since it appeared the matter was about to be settled. Guajardo, who had traveled alone to the meeting, subsequently indicated he wanted to have his lawyers review the settlement agreement before signing it. Coyne then had his business manager serve Guajardo the papers for both himself and the corporation at about 9 p.m. Settlement was eventually reached about three weeks later on the terms as drafted by Coyne's lawyers with some modifications made in telephone and mail negotiations.[3]

■ The rule that process is invalid where a defendant has been lured into a jurisdiction has been applied for more than 100 years.[4] It originated as an equitable

defense, *see Jaster v. Currie*, 198 U.S. 144, 147, 25 S.Ct. 614, 615, 49 L.Ed. 988 (1905), and is addressed not to the court's power over the defendant but to the court's discretion not to exercise that power. *See Restatement (Second) of Conflict of Laws* § 82 comment f (1971); Beale, *The Jurisdiction of Courts over Foreigners*, 26 Harv.L.Rev. 283, 285 (1913). Immunity from process is granted not to serve the defendant's convenience but to further the administration of justice, *Lamb v. Schmitt*, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932). Therefore courts will sometimes tolerate artifice used to flush out a defendant who is already in the jurisdiction, *see* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1076 at 319–20 (1969), but will be much more chary of trickery used to induce a defendant to enter a foreign jurisdiction especially when such trickery impedes the orderly settlement of disputes before they reach the courts.

■ Accordingly, special considerations for the administration of justice exist where the defendant entered the jurisdiction for settlement talks primarily at the instigation of the plaintiff. In such a case, service can be valid where there was a good-faith effort to settle immediately before service. *Commercial Mutual Accident Co. v. Davis*, 213 U.S. 245, 257, 29 S.Ct. 445, 448, 53 L.Ed. 782 (1909). In the nature of things, plaintiffs will so assert their good faith. But the courts have been skeptical of such assertions in cases where facts appeared similar to those indicated above. Courts have found that a plaintiff's real purpose was to serve the defendant with process, and thus have quashed service, where there were prior arrangements to have a process server at the meeting, *Sunshine Kitchens, Inc. v. Alanthus Corp.*, 65 F.R.D. 4, 5 (S.D.Fla.1974),[5] where

---

3. The settlement agreement filed with the Court is dated May 25, 1983 but apparently was executed about June 16, 1983, the day the stipulation of dismissal was filed.

4. See cases cited in Annotation, *Attack on Personal Service as Having Been Obtained by Fraud or Trickery*, 98 A.L.R.2d 551, 556–57 (1964).

5. *See also Mallin v. Sunshine Kitchens, Inc.*, 314 So.2d 203, 204 (Fla.Dist.Ct.App.1975), *cert. denied*, 330 So.2d 22 (Fla.1976).

the plaintiff's lawyers were preparing the suit at the same time the plaintiff was urging the defendant to come to the jurisdiction, *Oliver v. Cruson*, 153 F.Supp. 74, 78 (D.Mont.1957), and where the plaintiff failed to clearly warn the defendant before the defendant's journey that settlement talks would be fruitless or that defendant would be served immediately if such talks failed, *E/M Lubricants, Inc. v. Microfral, S.A.R.L.*, 91 F.R.D. 235, 238 (N.D.Ill.1981); *Commercial Bank & Trust Co. v. District Court*, 605 P.2d 1323, 1326 (Okla.1980). It does not matter if defendant suggested the actual details of the meeting if it is also clear that plaintiff encouraged defendant to enter the jurisdiction to talk settlement. *E/M Lubricants, Inc.*, 91 F.R.D. at 237.

In an early case in this jurisdiction, the Court of Appeals of the District of Columbia was confronted with a defendant's allegation that the plaintiff induced him to come to the District for settlement negotiations to head off a lawsuit that the plaintiff expressly threatened to file against the defendant. Remanding the case for fact-finding, the Court held

> [I]f the allegations of appellant are found to be true, the service should be quashed. "If a person is induced by false representations to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process is there served, it is such an abuse that the court will, on motion, set the process aside." ... A court of justice ought not and will not permit a party to profit by such artifice. If appellant was induced, by the representations of appellee, to come within this jurisdiction for the purpose of a conference having for its object "an amicable settlement," service upon him was an act of bad faith amounting to misrepresentation.

*Fischer v. Munsey Trust Co.*, 44 App.D.C. 212, 216–17 (1915) (citations omitted).

■ These cases establish a strong presumption in favor of quashing service whenever a defendant enters the jurisdiction for settlement talks at plaintiff's invitation and the plaintiff has not clearly and unequivocally alerted the defendant before the trip that the defendant would be served. Some courts have gone so far as to establish a per se rule of immunity from service for such defendants unless the plaintiff specifically advises the defendant that he will be served with process immediately if negotiations fail. *Commercial Bank & Trust Co. v. District Court*, 605 P.2d 1323, 1326 (Okla.1980); *Western States Refining Co. v. Berry*, 6 Utah 2d 336, 313 P.2d 480, 481–82 (1957).

There are two obvious reasons why this strong presumption exists. The first is that courts should encourage pre-lawsuit settlements. Defendants who enter foreign jurisdictions to talk settlement should not have to fear being blind-sided by a process server subjecting them to suit in a possibly adverse forum. Presenting a defendant with a copy of a filed complaint at the outset of settlement talks, with a process server standing nearby, has a more directly coercive impact.

The second reason for the presumption is that courts should avoid, if possible, the unpleasant and often impossible task of judging the inevitable swearing matches about who said what to whom. A rule that requires the plaintiff to make it absolutely clear to the defendant that service may be made if he enters the jurisdiction helps to avoid this waste of judicial resources.

■ Thus the Court need not decide whether or not Coyne in fact told Guajardo he was filing the lawsuit. The significant fact is that he invited Guajardo to the District to talk settlement and he did not clearly indicate he would serve Guajardo at that time.[6]

Accordingly, service of process in this case must be quashed. Other issues raised

---

**6.** Plaintiff points out that the immunity from service of a witness attending judicial proceedings does not apply where service could be performed by long-arm statute. But that exception to immunity does not apply where immunity is based on the improper conduct of a plaintiff.

by the defendants in this motion need not be addressed. An appropriate Order dismissing the complaint without prejudice is filed herewith.