528 So.2d 517 (1988)
CITREXSA, S.A., Gaxhusa, S.A., Sergio De La Pena and Ramiro Urbina, Appellants,
v.
Samuel LANDSMAN, Individually, and Landsman Packing Co., Inc., Appellees.
No. 88-618.
District Court of Appeal of Florida, Third District.
July 19, 1988.
*518 Hollander, Schiffrin & Bartelstone and Ted Bartelstone, Miami, for appellants.
Peter Kneski, Miami, for appellees.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Appellants seek reversal of a non-final order denying a motion to quash service of process. Appellants, residents of Mexico, contacted appellees in order to conduct settlement negotiations concerning an unresolved commercial dispute. The parties agreed to meet in Florida. Prior to appellants' arrival, appellees filed a complaint and procured a summons. At appellees' suggestion, the meeting location was changed from appellees' office to appellees' counsel's office. Before the conference began, a deputy sheriff served appellants with the complaint and summons. Appellants filed a motion to quash service. The court denied the motion. We reverse.
Appellants contend that the service of process is void because it was obtained by fraud and deceit, trickery or artifice. Appellees respond that the trial court properly denied the motion to quash service because they did not make an affirmative misrepresentation that appellants would not be served with service of process and because appellants themselves initiated the settlement meeting in Florida.
Personal service is void if obtained by inveigling or enticing the person to be served into the territorial jurisdiction of the court by means of fraud and deceit, actual or legal, or by trick or device, and in such case defendant is not required to appear or defend. So, service is void if obtained by securing defendant's presence within the jurisdiction by means of criminal process, or by pretense of settlement, whether the matter of settlement was first broached by plaintiff or defendant.
72 C.J.S. Process § 47 (1987); see Mallin v. Sunshine Kitchens, Inc., 314 So.2d 203 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 22 (Fla. 1976).
In the case before us, appellants arranged the conference in a good faith attempt to settle their dispute with appellees. They traveled to Florida in reliance on appellees' agreement to attend the conference. Appellees' conduct, including filing the complaint, causing the summons to be issued, changing the location of the meeting, and arranging service prior to the start of the settlement conference, clearly demonstrates that appellees never intended to participate in good faith settlement negotiations, and that their agreement to participate in the settlement conference was merely an artifice to serve appellants. See Mallin; Buchanan v. Wilson, 254 F.2d 849 (6th Cir.1958); K Mart Corp. v. Gen-Star Indus. Co., 110 F.R.D. 310 (E.D.Mich. 1986); E/M Lubricants, Inc. v. Microfral, S.A.R.L., 91 F.R.D. 235 (N.D.Ill. 1981); Sunshine Kitchens, Inc. v. Alanthus Corp., 65 F.R.D. 4 (S.D.Fla. 1974); Commercial Bank & Trust Co. v. District Court of Fourteenth Judicial Dist. in and for Tulsa County, 605 P.2d 1323 (Okla. 1980); see also Coyne v. Grupo Industrial Trieme, S.A., 105 F.R.D. 627 (D.D.C. 1985). But see Tope v. Beal, 98 F.2d 548 (3d Cir.1983); *519 Oden Optical Co. v. Optique DuMond, Ltd., 268 Ark. 1105, 598 S.W.2d 456 (Ark. Ct. App. 1980).
Accordingly, we reverse the order under review and remand with directions to enter an order quashing service.
Reversed and remanded.