IN THE MATTER OF THE GUARDIANSHIP OF Lois
LaRue POWERS, An Incapacitated Person

Helen LaRue Roberts *v.* George H. Powers

92-615                                                841 S.W.2d 626

Supreme Court of Arkansas
Opinion delivered November 16, 1992

*Evans, Farrar, Reis & Associates*, by: *Bryan J. Reis*, for
appellant.

*Callahan, Bachelor, Newell & Oliver, P.A.*, by: *G. Latta
Bachelor III*, for appellee.

DAVID NEWBERN, Justice. The Garland County Probate
Court dismissed the petition in this guardianship case due to lack
of jurisdiction. We reverse and hold that the Court had jurisdiction of the matter.

Helen LaRue Roberts, the appellant, petitioned to become
guardian of the person and the estate of her sister, Lois LaRue
Powers. Mrs. Powers' husband, George H. Powers, the appellee,
contested the petition. Mrs. Powers owns substantial real and
personal property in Oklahoma where she lived with Mr. Powers
prior to being brought to Hot Springs by Ms. Roberts. Mr.
Powers opposed the move, and considerable bitterness has developed over whether he or Ms. Roberts should be the guardian of
Mrs. Powers whose mental condition unquestionably requires a
guardianship.

The Probate Court's opinion stated that Mrs. Powers had
resided in Oklahoma 68 years and the bulk of her property was
there. The decision to dismiss Ms. Roberts' petition was based on
the Court's finding that when Ms. Roberts brought Mrs. Powers
to Hot Springs, Mrs. Powers lacked the capacity to change her

residence or domicile from Oklahoma to Arkansas. The issue before us is squarely that of whether a prospective ward must be a resident or domiciliary of Arkansas for an Arkansas probate court to have jurisdiction to establish a guardianship for the ward's person and estate.

Neither residence nor domicile is addressed in Ark. Code Ann. § 28-65-201 (1987) which provides simply, "(a) A guardian of the estate may be appointed for any incapacitated person. (b) A guardian of the person may be appointed for any incapacitated person except a married minor who is incapacitated solely by reason of his minority." The parties cite and argue portions of the venue provisions in Chapter 65 entitled "Guardians Generally." Those arguments are not very helpful because venue and jurisdiction are separate concepts. *Ozark Supply Co.* v. *Glass*, 261 Ark. 750, 552 S.W.2d 1 (1977).

■ It is our view that Mrs. Powers' mere physical presence in Garland County is a proper basis of jurisdiction of her person and estate. Jurisdiction to be exercised by a state through its courts of a person or property is established by mere presence. That was part of the scheme of jurisdiction established in *Pennoyer* v. *Neff*, 95 U.S. 714 (1878). We have followed it as to persons since our decision in *Moores* v. *Winter*, 67 Ark. 189, 53 S.W. 1057 (1899), although problems with the concept may exist in some contexts. *See Oden Optical Co., Inc.* v. *Optique Du Mond, Ltd.*, 268 Ark. 1105, 598 S.W.2d 456 (Ark. App. 1980). Nor is there any doubt that an Arkansas court may have jurisdiction of whatever property may belong to Mrs. Powers in Arkansas. *Arndt* v. *Griggs*, 134 U.S. 316 (1890); *Ingram* v. *Luther*, 244 Ark. 260, 424 S.W.2d 546 (1968).

That the General Assembly has not restricted guardianship jurisdiction to the domicile of the prospective ward makes sense. If an incapacitated person is in this State and in need of the protection of guardianship proceedings our courts should not have to decline jurisdiction due to the fact that the person in need is domiciled elsewhere.

The Garland County Probate Court established temporary guardianships of the person and estate of Mrs. Powers, naming Ms. Roberts guardian in each instance. Thereafter, an Oklahoma court entered a permanent order, naming Mr. Powers guardian of

Mrs. Powers' estate. The temporary guardianships established by the Garland County Probate Court were vacated when the Court decided it lacked jurisdiction. While there may be remaining questions of comity or full faith and credit to be resolved in view of the actions of the two courts, the Probate Court has not yet dealt with them, and the record is not such that we can settle them without remand. Our holding is simply that the Probate Court erred in holding that it lacked jurisdiction to establish guardianships of the person and estate of Mrs. Powers.

Reversed and remanded.