PER CURIAM.
Appellant, defendant in a mortgage foreclosure, argues that the trial court erred in denying her motion to quash service of process, where she was served while attending a meeting at the office of counsel for the appellee mortgagee. Appellant, a Florida resident, relies on cases in which personal service has been quashed where the person served was enticed into the jurisdiction by fraud or deceit. Citrexsa, S.A. v. Landsman, 528 So.2d 517 (Fla. 3d DCA 1988), and cases cited therein. We conclude that since appellant is a Florida resident, the fact that she may have been lured to a meeting to be served is not a basis on which service should be quashed. Schwarz v. Artcraft Silk Hosiery Mills, Inc., 110 F.2d 465 (2d Cir.1940), and Wright & Miller, Federal Practice and Procedure § 1076 (1987).
Defendant also argues that the appointment of a receiver for this 24 unit rental apartment building was improper and that the $2,000.00 receiver’s bond was too low. We affirm the appointment of a receiver but conclude that the bond was inadequate. Stonebridge Assocs. Ltd. v. City Nat’l Bank of Miami, 573 So.2d 211 (Fla. 4th DCA 1991). We therefore reverse *195 solely for the trial court to set an appropriate receiver’s bond.
GLICKSTEIN, FARMER and KLEIN, JJ., concur.