4 F.3d 982
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James MACFARLANE, Plaintiff, Appellant,
v.
Edgar D. MCKEAN, III, Defendant, Appellee.
 No. 92-2390.
 United States Court of Appeals,
First Circuit.
 September 14, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 James MacFarlane on brief pro se.
 Edgar D. McKean, III, on brief pro se.
 D.Me.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal from the district court's dismissal for lack of personal jurisdiction and its denial of appellant's motion to amend his complaint and motion for reconsideration. We affirm.
 
 Background
 
 2
 Plaintiff-appellant, James MacFarlane, retained defendant-appellee, Edgar D. McKean, to represent him in a divorce proceeding in New Hampshire Superior Court. In June, 1992, appellant filed a complaint against McKean in the United States District Court for the District of Maine seeking damages for legal malpractice and fraud. Appellant claimed diversity of citizenship jurisdiction, alleging that his domicile was Maine and McKean's was New Hampshire.
 
 
 3
 Appellee McKean filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds of lack of personal and subject matter jurisdiction, improper venue, and insufficiency of process. Appellee filed an affidavit stating that he had never transacted business within the state of Maine. With respect to his insufficiency of process claim, appellee alleged that service of process was procured by fraud. In the affidavit accompanying his motion, appellee stated that on June 22, 1992, he received a telephone call from a man identifying himself as Craig Fortier from Sanford, Maine. The caller said that his mother had recently been in a car accident and that he was seeking counsel to represent her in an action arising out of the accident. He asked appellee if he would come to his mother's home to meet with them, since she was unable to travel. Appellee agreed to meet in Maine on June 25. When he arrived at the address given as the home of Mr. Fortier's mother at the agreed-upon time, no one was home. Instead, appellee was met by a man who served him with process in appellant's legal malpractice suit. Appellee has since been unable to reach Mr. Fortier by telephone or letter.
 
 
 4
 Appended to appellee's affidavit were communications from appellant regarding appellee's trip to Maine and service upon him while there. In a note from appellant to Erwin Parkhurst, appellant stated that "I had to sucker McKean into Maine and sting him with papers to keep the case in Maine." In a post card to appellee post-marked June 26, 1992 (the day after appellee was served with process), appellant stated that what appellee referred to as a "set up" was "in return for the knife in the back in Judge Smith's chambers [on] April 19, 1988" and that "your ambulance chasing ride into Maine in June turned [into] disaster." Appellant filed a Memorandum of Law in Opposition to Motion to Dismiss. He stated therein that "[n]o fraud or trickery or force was used to gain service on defendant."
 
 
 5
 Appellant filed an objection to the motion to dismiss. In lieu of an affidavit, he attached a declaration verifying that the allegations contained in his objection were "true and correct." In support of his claim of personal jurisdiction, appellant alleged that appellee entered the state of Maine to interview a potential client in an accident/negligence case and that an associate of McKean's law firm, Julia Nye, attended a deposition at the Holiday Inn on July 7, 1992.
 
 
 6
 In a Recommended Decision, a United States Magistrate Judge recommended granting the motion to dismiss on the ground of lack of personal jurisdiction. The decision concluded that appellant had "failed to present evidence that Defendant has minimum contacts with this state such that this court should exercise jurisdiction over his person." Further, the magistrate judge noted that appellant's attempts to show that a partner of appellee had conducted business in Maine were unavailing as neither the associate nor appellee's law firm were named as defendants. In addition, the decision noted that appellee's allegations that he was fraudulently induced to come to Maine were supported by copies of correspondence from appellant. It concluded that "[w]hen service of process is fraudulently obtained, the court does not acquire personal jurisdiction over the defendant, and the action must be dismissed." In other words, in essence, the magistrate found two problems. First, personal jurisdiction over appellee had not been obtained because service had been fraudulent. Second, even if service were attempted again via a long-arm statute, dismissal would be required because defendant did not have sufficient contacts with Maine to subject him to suit there.
 
 
 7
 Appellant filed an objection to the recommended decision, requesting a hearing regarding appellee's contacts with the State of Maine. Appellant also enclosed a proposed amended complaint, adding as parties appellee's law firm and his associate, Ms. Nye. The amended complaint was returned to him, however, because he failed to file a motion for leave to amend. In an order dated September 25, 1992, the district court affirmed the Recommended Decision of the magistrate judge.
 
 
 8
 Appellant filed a motion for leave to amend his complaint on October 1, 1992, as well as a motion for reconsideration of the court order affirming the Recommended Decision. The district court denied both motions.
 
 Discussion
 Personal Jurisdiction
 
 9
 Ordinarily, service of process upon appellee while he was present in the forum state would suffice to confer personal jurisdiction. See Burnham v. Superior Court of Cal., Marin County, 495 U.S. 604 (1990) (holding that service of process upon a non-resident defendant while he is physically present in the forum state confers personal jurisdiction, even though the defendant was only briefly in the state and the litigation did not arise out of his activities there). There is a long-standing exception to this rule, however, where "a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process." Commercial Mut. Accident Co. v. Davis, 213 U.S. 245, 256 (1909). See also Fitzgerald Const. Co. v. Fitzgerald, 137 U.S. 98 (1890); Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 592 n.7 (7th Cir. 1984); Willametz v. Susi, 54 F.R.D. 463 (D. Mass. 1972); 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1076 at 502-504 (1987). Service of process is invalid where the defendant has been fraudulently induced to enter the forum state for the purpose of serving process.
 
 
 10
 The district court affirmed the magistrate judge's conclusion, based upon affidavits and exhibits attached to appellee's motion to dismiss, that service of process was fraudulently obtained in this case. Appellant does not contest the district court's finding that service of process was fraudulently obtained or its failure to hold an evidentiary hearing on that issue. Instead, appellant argues on appeal that he was entitled to a hearing on the sufficiency of appellee's minimum contacts with the state of Maine. The magistrate judge had found that personal jurisdiction was lacking because appellant had "failed to present evidence that Defendant has minimum contacts with this state such that this court should exercise jurisdiction over his person."
 
 
 11
 Even assuming that minimum contacts existed such that service could have been performed pursuant to Maine's long-arm statute, a finding in appellant's favor on that issue would not cure the invalidity of service of process. See Coyne v. Grupo Industrial Trieme, S.A. de C.V., 105 F.R.D. 627, 630 n.6 (D.D.C. 1985) (noting that immunity from service where defendant is lured into jurisdiction by plaintiff applies even where service could have been performed by long-arm statute); Sunshine Kitchens, Inc. v. Alanthus Corporation, 65 F.R.D. 4, 6 (D. Fla. 1974) (granting motion to quash in-state service obtained by artifice even though service arguably could have been obtained pursuant to the Florida long arm statute). Nonetheless, we address the issue of minimum contacts in case it arises in a subsequent attempt to effect service pursuant to Maine's long-arm statute.[1]
 
 
 12
 Appellant contends the district court erred in failing to grant its request that an evidentiary hearing be held on the question of minimum contacts. Fed. R. Civ. P. 12(d) "explicitly recognizes the court's authority to choose either (1) to hear and finally decide a motion to dismiss before trial (by a preponderance-of-the-evidence standard) or (2) to defer the determination under a preponderance-of-the-evidence standard until trial (if plaintiff has made a prima facie showing of jurisdiction )." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 677 (1st Cir. 1992) (emphasis added). If the district court chooses to rely on pleadings and affidavits alone in deciding a motion to dismiss for lack of personal jurisdiction, then plaintiff need make only a prima facie showing of jurisdiction. Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986). If, on the other hand, the district court holds an evidentiary hearing, plaintiff must prove personal jurisdiction by a preponderance of the evidence. See CutCo Indus., Inc. v. Naughton, 806 f.2d 361, 364 (2d Cir. 1986).
 
 
 13
 In this case, the district court relied on the pleadings and affidavits alone. Therefore, appellant was only required to make a prima facie showing of personal jurisdiction in order to defeat appellee's motion to dismiss. See U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990) ("To meet its burden, the plaintiff must establish sufficient facts to support a prima facie case authorizing personal jurisdiction over the defendant under both the forum's long-arm statute and the due process clause of the Constitution."). "In determining whether a prima facie showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a plaintiff as true." Boit v. Gar-Tec Products, Inc., 967 F.2d at 675. Therefore, the standard of review on appeal is de novo. Id.
 
 
 14
 In making a prima facie case of personal jurisdiction, appellant was not entitled to rely merely upon unsupported allegations in his pleadings. Boit v. Gar-Tec Products, Inc., 967 F.2d at 675. Although appellant did not submit any affidavits in support of his opposition to the motion to dismiss, he did file a declaration verifying that the allegations contained in his opposition were true. Therefore, the question on appeal is whether the evidence proffered therein, if credited, is sufficient to support findings of fact required by the forum's long-arm statute and the due process clause.
 
 
 15
 Maine's long-arm statute permits jurisdiction over non-resident defendants to the extent permitted by the due process clause of the U.S. Constitution. See 14 M.R.S.A. Sec. 704-A(1); Boit v. Gar-Tec Products, Inc., 967 F.2d at 679. The burden on appellant, therefore, was to proffer evidence sufficient to support the following requirements of the due process clause:
 
 
 16
 First, the defendant must have purposefully established "minimum contacts" with the forum such that he can reasonably anticipate being haled into that forum's court.... Second, if such contacts exist, the exercise of personal jurisdiction over the defendant must comport with "fair play and substantial justice."
 
 
 17
 U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d at 11 (citations omitted).
 
 
 18
 Appellant proffered the following evidence in support of his contention that appellee purposefully established minimum contacts with the state of Maine such that he should reasonably anticipate being haled into court there. First, appellant relied upon appellee's own admission that he entered the state of Maine to meet with a potential client (Mrs. Fortier). Second, appellant alleged that Julia Nye, an associate with appellee's law firm, conducted business for appellee (as his agent) and the partnership by taking a deposition in Maine in an unrelated case.
 
 
 19
 This evidence is insufficient to establish a prima facie case of personal jurisdiction under the minimum contacts requirement of the due process clause. Appellant does not proffer any facts to contradict appellee's contention that he was fraudulently lured to Maine by appellant solely for the purpose of serving process. As we explained above, where a plaintiff is fraudulently enticed to enter the forum state, his physical presence there does not confer personal jurisdiction.
 
 
 20
 Appellant contends that Ms. Nye's taking of a deposition in Maine confers personal jurisdiction over appellee because she was acting as his agent and/or as the agent of appellee's law firm. Appellant did not allege that Ms. Nye was acting under the control of appellee when she conducted the deposition. Even assuming an agency relationship, however, and that jurisdiction over Ms. Nye would confer jurisdiction over appellee, the contacts alleged are not sufficient to establish personal jurisdiction over Ms. Nye. A single trip to Maine to conduct a deposition in a case arising out of New Hampshire and unrelated to the present controversy does not constitute minimum contacts sufficient to satisfy the requirements of the due process clause. See Wallace v. Herron, 778 F.2d 391, 394 (7th Cir. 1985) (holding that defendant law partners and partnership lacked requisite minimum contacts with Indiana where sole contact was a partner's trip to Indiana on one occasion to take depositions in a case unrelated to the controversy at issue), cert. denied, 475 U.S. 1122 (1986). Appellant does not allege any facts to contradict attorney Nye's statements in her sworn affidavit that she is not licensed to practice law in Maine and has not conducted any other business in Maine aside from the taking of one deposition. Appellant has failed to allege facts to support a finding that appellee, attorney Nye or appellee's law firm has engaged in "continuous and systematic activity" in Maine such that general personal jurisdiction exists. See United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). Nor has appellant alleged that this case arose out of contacts with the forum state such that specific personal jurisdiction exists. See id. Appellant failed to make a prima facie case showing that personal jurisdiction over appellee exists. Therefore, the district court did not err in failing to hold an evidentiary hearing before dismissing the case for lack of personal jurisdiction.
 
 Motion to Amend Complaint
 
 21
 Appellant contends the district court erred in denying his motion to amend his complaint to add two new parties as defendants in the case. Appellant sought to assert legal malpractice claims directly against the law firm and attorney Nye, the associate who had allegedly represented appellant during his divorce proceedings. The district court, citing Fed. R. Civ. P. 21, ruled that appellant could not amend his complaint to add new parties without leave of court. Therefore, the court held, the court clerk did not err in returning to appellant the amended complaint which was originally filed without a motion for leave to amend. The court also held that the complaint even as amended would still be subject to dismissal.
 
 
 22
 Unlike Fed. R. Civ. P. 15(a), which permits timely amendment of a complaint without leave of court, Fed. R. Civ. P. 21 requires a party to file a motion and obtain leave of court to add additional parties. "However, if a plaintiff files an amended complaint adding additional parties without first obtaining leave of the court, the defect may be corrected and does not, in itself, justify dismissal of the action." Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736 (7th Cir. 1986), cert. denied, 482 U.S. 915 (1987). See 7 C. Wright & A. Miller & M. Kane, Federal Practice and Procedure Sec. 1688 at 475 (1986). On the other hand, the district court need not grant a request to amend which would be futile. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990). We review a denial of a request to amend only for abuse of discretion. Id.
 
 
 23
 The district court, in considering appellant's motion to amend his complaint to add new parties and motion for reconsideration, did not rule on the question of personal jurisdiction over the law firm or attorney Nye, the defendants appellant sought to add. Nevertheless, appellant's proposed amendment to add new parties does not allege any facts as to business conducted by attorney Nye or by the firm which were not already contained in original complaint. We have already noted above that these allegations fail to support a finding that personal jurisdiction exists over appellee or attorney Nye. Since the only business alleged to have been conducted by the law firm in Maine is that of appellee and attorney Nye, the allegations do not support a finding of personal jurisdiction against the law firm either.
 
 
 24
 A district court may refuse an amendment to a complaint when the proposed amended complaint would still be subject to dismissal. Ross v. United States, 910 F.2d 1422, 1427 (7th Cir. 1990); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989); Halliburton & Associates, Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985); Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981). In this case, appellant's proposed amended complaint did not allege sufficient contacts with the state of Maine to support personal jurisdiction over any of the proposed defendants. Since the complaint as amended was still subject to dismissal, the court did not abuse its discretion in refusing the motion to amend. See Textor v. Board of Regents, 711 F.2d 1387, 1391 (7th Cir. 1983) (not an abuse of discretion to refuse amendment of complaint when the proposed amendment fails to allege sufficient contacts to support jurisdiction over out of state defendant); cf. Jackson v. Salon, 614 F.2d 15, 17 (1st Cir. 1980) (no error in denying motion to amend where amendment contained no new allegations sufficient to support exercise of federal subject matter jurisdiction) (pro se appellant).
 
 
 25
 Affirmed.
 
 
 
 [1]
 As in Sunshine Kitchens, 65 F.R.D. at 6, provided that the applicable statute of limitations has not run, there is nothing to prevent appellant from attempting to serve appellee pursuant to Maine's long arm statute