**VOICE SYSTEMS MARKETING COMPANY, L.P., Plaintiff,**

v.

**APPROPRIATE TECHNOLOGY CORPORATION and Kenneth Muehring, Defendants.**

**Civ. A. No. 93–74914.**

United States District Court, E.D. Michigan, S.D.

Jan. 31, 1994.

J. Marc Feeney, Spilkin Shapiro & Feeney, Southfield, MI, for plaintiff.

Jack J. Mazzara, Timothy Abadie, Butzel Long, Detroit, MI, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO QUASH THE SUMMONSES AND DISMISS THE COMPLAINT*

GADOLA, District Judge.

Plaintiff Voice Systems Marketing Company ("VSM") brought suit against defendants Appropriate Technology Corporation ("ATC") and Kenneth Muehring alleging breach of an exclusive licensing agreement and related claims. Defendants contend that plaintiff used fraud or artifice to procure service of process. Before the court is defendants' motion to quash summons and to dismiss the complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure and for sanctions under Rule 11. In the alternative, defendants rely upon Rule 12(b)(5) for their motion to dismiss. For the reasons discussed below, the court will grant defendants' motion to dismiss based on insufficiency of service of process. Because it decides that service was improper, the court will not

address defendants' motion to dismiss based on plaintiff's failure to state a claim upon which relief can be granted.

## I. Facts

Defendant ATC is a California corporation that manufacturers a computerized, voice controlled building security system known as the Voice Access Control System ("VACS"). Defendant Kenneth Muehring is the president of ATC. On June 28, 1991, plaintiff VSM entered into an exclusive marketing agreement with ATC. Under the contract, VSM agreed to market and distribute the VACS in North America, purchasing a minimum number of VACS products. On September 29, 1993, ATC informed VSM that it was in breach of their agreement because it had failed to make the required minimum purchases of VACS units. ATC gave VSM thirty days to cure the breach or risk termination of the marketing agreement. On October 22, 1993, VSM told ATC that its customers were experiencing reoccurring problems with their VACS units. VSM told Muehring that it was crucial that he come to Michigan to correct the problems. VSM gave no warning to Muehring about a possible lawsuit or that he may be served upon his arrival in Michigan.

Muehring agreed to come to Michigan on October 26, 1993 to address the problems with the VACS units. After he arrived, Muehring began work at various locations identified by VSM. He completed his work on October 28, 1993. Later that afternoon, Muehring was told by Randy Rouse, the president of VSM, that the chairman and general partner of VSM, Jerome Shaw, wanted to meet with him the next day in order to discuss customer complaints. As a result of Rouse's request, Muehring agreed to delay his return to California and meet with VSM officials. That same afternoon, at approximately 4:30 p.m., attorneys for VSM filed a complaint against ATC and Muehring in Oakland County Circuit Court.

The next morning, Muehring met with Shaw and other VSM officials. During the thirty minute meeting, VSM officials complained about its problems with ATC and the VACS units. Shaw's secretary then appeared and served Muehring with the complaint and summonses directed to ATC and Muehring. Muehring then returned to California.

## II. Analysis

■ Pursuant to Rule 12(b)(2), defendants are asking the court to quash the summonses and dismiss the complaint brought by VSM because service of process was accomplished through deception and trickery. In the alternative, defendants seek to dismiss the complaint under Rule 12(b)(5) for the same reasons. Because the court finds that the sufficiency and propriety of service is the real issue before it, the court will address defendants' motion as falling under Rule 12(b)(5).

■ It is clearly established law that where a "person has been induced by trickery to come within the jurisdiction of a court for purposes of procuring service of process upon such person, the service will be set aside." *K Mart Corp. v. Gen–Star Indus.,* 110 F.R.D. 310, 312 (E.D.Mich.1986) (citing *Commercial Mut. Accident Co. v. Davis,* 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782 (1909); *Copas v. Anglo–American Provision Co.,* 73 Mich. 541, 41 N.W. 690 (1889)). Several courts have also established a

> flat prohibition on service in such cases unless the plaintiff *warns* the defendant before he enters the jurisdiction that he may subject himself to process, or else when settlement talks fail the plaintiff must give the defendant *an opportunity to leave the. jurisdiction* before service is made. Such a rules avoids inherently difficult determinations as to who initiated meetings, who relied on statements made by whom, and whether the plaintiff engaged in good faith settlement. Such a bright-line rule ... is efficient from a judicial standpoint and serves to distance the courts from the possibility of trickery.

*Id.* at 313 (emphasis in original) (relying on *Coyne v. Grupo Indus. Trieme, S.A.,* 105 F.R.D. 627 (D.D.C.1985); *E/M Lubricants, Inc. v. Microfral, S.A.R.L.,* 91 F.R.D. 235 (N.D.Ill.1981)).

The court finds that the rule enunciated in *K Mart* best serves the orderly administration of justice. The facts presented in this

case raise the same issues decided in *K Mart*. Service upon defendants Muehring and ATC was accomplished through trickery. Plaintiff convinced Muehring to stay in Michigan an extra day so that he could be served with the summonses and complaint. When it invited Muehring to stay an extra day, VSM gave no warning of its intent to serve process even though it knew that its attorneys were at that very moment filing a complaint. Thus, even if Muehring was in Michigan for his own purpose of responding to customer complaints, VSM should have given Muehring notice of its intent to serve him when it asked him to spend another day in the jurisdiction. Because VSM did not warn Muehring of its plan to keep him in the jurisdiction an extra day so it could serve him with the newly filed complaint, the court will quash the summonses and complaint served on Muehring and on ATC through Muehring.

 Now that the court has decided that it will quash the summonses served on defendants, it must decide whether it will dismiss the complaint. The court in *K Mart* noted that merely quashing service without dismissal of the complaint was an option depending "upon whether the plaintiff is likely to be able to effectuate proper service by another means." *K Mart*, 110 F.R.D. at 315 (citing Wright & Miller, *Federal Practice and Procedure* § 1354). In addition, the court has "broad discretion to dismiss the action or to retain the case but quash the service" that has been made. Wright & Miller, *supra*, § 1354. Other courts faced with similar circumstances involving trickery or bad faith by plaintiff have dismissed the complaint without discussing alternative means of service. *K Mart*, 110 F.R.D. at 315; *see Coyne*, 105 F.R.D. at 630 (dismissing complaint without addressing alternative service); *E/M Lubricants*, 91 F.R.D. at 238 (same). Because the court finds that plaintiff used deception and trickery to accomplish service of process—rather than violation of the rules governing service of process through mere oversight or inadvertence—the court will exercise its discretion and dismiss the complaint. If it so chooses, VSM can always re-file its complaint and use proper means to achieve service of process.

### III. Sanctions

Defendants' motion to dismiss also requests that the court grant them sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure because of plaintiff's conduct in this action. According to Rule 11(c)(1)(A), however, a "motion for sanctions under this rule shall be made separately from other motions." Because defendants' motion for sanctions was included in their motion to dismiss, the court will deny defendants' motion for sanctions as it is not in compliance with Rule 11.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendants' motion to quash summonses and dismiss the complaint is **GRANTED**. Plaintiff's complaint is **DISMISSED** without prejudice.

It is further **ORDERED** that defendants' motion for sanctions is **DENIED**.

**SO ORDERED.**